UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                                 :
TIN P. CHU,                                                      :  05 CV 3864 (ARR)
                                                                 :
                                    Petitioner,                  :  NOT FOR ELECTRONIC
                                                                 :  OR PRINT
        -against-                                                :  PUBLICATION
                                                                 :
SUPERINTENDENT WILLIAM LAPE,                                     :  OPINION
                                                                 :  AND ORDER
                                    Respondent.                  :
                                                                 :
---------------------------------------------------------------- X

ROSS, United States District Judge:

Petitioner pro se, Tin P. Chu ("Mr. Chu" or "petitioner"), filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 1, 2005 claiming that (1) his statements and documents seized at the time of his arrest should have been suppressed because they were obtained in violation of his Fourth Amendment rights; (2) his statements should have been suppressed because the Miranda warnings were never translated into Cantonese, his native language; (3) he was deprived of his due process right to a fair trial because the trial court failed to discharge a juror who testified that she was unable to continue serving due to illness and the trial judge improperly questioned the juror when the jury notified the judge of a deadlock; (4) the trial court erred in ruling that a witness's statement was inadmissible hearsay; and (5) he was denied his right to effective assistance of trial counsel. All of these claims were raised on appeal and, thus, exhausted for habeas purposes. However, by letter dated June 12, 2006, petitioner now seeks to amend the instant petition by including new claims that have not been exhausted in state court. Accordingly, he seeks a stay of the instant petition while he exhausts his state court

remedies.

Pursuant to Rhines v. Weber, 125 S.Ct. 1528 (2005), the court hereby stays the instant petition for a writ of habeas corpus so that petitioner may seek to exhaust his additional claims in state court by way of a Section 440 motion or a writ of error coram nobis. The stay is conditioned on the fact that petitioner pursue his state court remedies within thirty days of the date of this order and that he return to federal court to proceed with his petition for a writ of habeas corpus within 30 days of exhausting his ineffective assistance claim. Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001). Petitioner is advised that he may be barred from proceeding in this court if, having been denied relief in state court, he delays in seeking to reopen these proceedings.

While the court stays the instant petition, petitioner is cautioned that, after he returns to federal court, the court may not grant him leave to amend his original habeas petition to include the new claims described in his letter dated June 12, 2006. Petitioner sought to amend the instant petition well after the one-year statute of limitations under AEDPA expired. Motions to amend habeas petitions where the one-year statute of limitations has already run are governed by Rule 15(c) of the Federal Rules of Civil Procedure. See United States v. Thomas, 221 F.3d 430, 436 (3d Cir. 2000) ("Rule 15(c)(2) applies to § 2255 petitions insofar as a District Court may, in its discretion, permit an amendment to a petition to provide factual clarification or amplification after the expiration of the one-year period of limitations."); Fama v. Comm'n of Corr. Servs., 235 F.3d 804, 815 (2d Cir. 2000) (relying on Thomas to find that Rule 15(c) governs § 2254 motions to amend). Thus, in accordance with Rule 15(c), with the court's permission, a petitioner may seek to amend an original § 2254 motion for habeas relief, clarifying or amplifying a claim or

theory in the petition, but only if (1) the original petition was timely filed and (2) the proposed amendments do not attempt to add new claims or insert new theories into the case. See Thomas, 221 F.3d at 436; see also Mayle v. Felix, 125 S. Ct. 2562, 2574 (2005) ("So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."). Based on the current record, it is unclear whether petitioner's additional claims relate back to the instant petition. Thus, the court will reserve judgment on the matter until petitioner exhausts his state court remedies and returns to this court.

SO ORDERED.

_Allyne R. Ross_
Allyne R. Ross
United States District Judge

Dated: July 5, 2006
Brooklyn, New York

## SERVICE LIST

### *Pro Se* Petitioner:

Tin P. Chu
03R3314
D-2 46-B
Marcy Corr. Facility
P.O. Box 3600
Marcy, NY 13403-3600


**Respondent's Counsel:**

Shulamit Rosenblum
Office of the District Attorney, Kings County
Renaissance Plaza
350 Jay Street
Brooklyn, NY 11201